# RULES

# OF THE

# UNITED STATES

# BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

**PREAMBLE**

These rules of the United States Bankruptcy Appellate Panel of the Ninth Circuit are promulgated under the authority of Federal Rule of Bankruptcy Procedure 8026.

Adopted: February 24, 2000
As Revised: June 15, 2015

# Table of Contents

| Rule | Subject | Page |
|---|---|---|
| 8003-1 | Notice of Appeal. | 1 |
| 8005-1 | Transfer of Appeal to District Court. | 1 |
| 8009-1 | Transcripts. | 1 |
| 8010-1 | Appellate Record. | 2 |
| 8011(a)-1 | Communications. | 2 |
| 8011(a)-2 | Fax Filing. | 2 |
| 8013(d)-1 | Emergency Motions. | 2 |
| 8013(e)-1 | Delegation of Authority to Act on Motions. | 3 |
| 8015(a)-1 | Brief Certification Requirements. | 3 |
| 8018(a)-1 | Briefs - Extensions of Time. | 5 |
| 8018(a)-2 | Dismissal for Failure to Prosecute. | 5 |
| 8018(b)-1 | Appendix (Excerpts of the Record). | 5 |
| 8019-1 | Oral Argument. | 6 |
| 8019-2 | En Banc Hearing and Determination of Appeals. | 7 |
| 8024-1 | Disposition of Appeal. | 8 |
| 8026-1 | Silence of Local Rules. | 10 |
| 8026-2 | Citation to Rules. | 10 |
| 9001-1 | Definitions. | 10 |
| 9010-1 | Attorneys--Duties, Withdrawal, Substitution. | 11 |
| 9010-2 | Pro Se Parties. | 11 |

# 8003-1
# NOTICE OF APPEAL

**ORDER BEING APPEALED**. The appellant shall attach to the notice of appeal filed in bankruptcy court a copy of the entered judgment, order or decree from which the appeal was taken. The clerk of the bankruptcy court shall forward these items to the BAP Clerk. If the notice of appeal is filed before entry of the order being appealed, it is appellant's duty to forward to the BAP Clerk a copy of the judgment or order immediately upon entry.

# 8005-1
# TRANSFER OF APPEAL TO DISTRICT COURT

The Panel may transfer an appeal to the district court to further the interests of justice, such as when a timely statement of election has been filed in a related appeal, or for any other reason the Panel deems appropriate.

# 8009-1
# TRANSCRIPTS

The excerpts of the record shall include the transcripts necessary for adequate review in light of the standard of review to be applied to the issues before the Panel. The Panel is required to consider only those portions of the transcript included in the excerpts of the record. Parties shall consult local bankruptcy rules with regard to the proper procedure for ordering transcripts or for indicating that transcripts are not necessary.

### *Explanatory Note:*

*This rule addresses two problems. The first occurs when appellants challenge the oral tentative rulings, and/or the oral findings of fact and conclusions of law of the bankruptcy court, and do not include sufficient transcripts in the excerpts of the record to allow the Panel to properly review the bankruptcy court's decision. If findings of fact and conclusions of law were made orally on the record, a transcript of those findings is mandatory. In re McCarthy, 230 B.R. 414, 416 (9th Cir. BAP 1999).*

*The second problem arises when an appellant challenges a factual finding. In order to review a factual finding for clear error, the record should usually include the entire transcript and all other relevant evidence considered by the bankruptcy court. See In Re Friedman, 126 B.R. 63, 68 (9th Cir. BAP 1991) (failure to provide an adequate record may be grounds for affirmance); In re Burkhart, 84 B.R. 658 (9th Cir. BAP 1988).*

## 8010-1
## APPELLATE RECORD

As soon as the statement of issues, designation of record, and any transcripts that have been designated are filed with bankruptcy court, the clerk of the bankruptcy court shall transmit to the BAP Clerk a certificate that the record is complete. The record shall be retained by the clerk of the bankruptcy court. The BAP Clerk may request a copy of the record from the clerk of the bankruptcy court.

## 8011(a)-1
## COMMUNICATIONS

All communications to the BAP shall be addressed to the Clerk of the United States Bankruptcy Appellate Panel of the Ninth Circuit, Richard H. Chambers Court of Appeals Building, 125 South Grand Avenue, Pasadena, California 91105.

## 8011(a)-2
## FAX FILING

The BAP does not accept for filing documents transmitted by telephone facsimile machine ("fax"), except in emergency circumstances. Permission of the BAP Clerk, prior to the transmittal of the document, is always required.

Any document transmitted to the BAP by fax must be served on all other parties by fax or hand delivery, unless another form of service is authorized by the BAP Clerk, and the method of service shall be expressly stated on the proof of service. Within three days after the fax transmittal, the filing party shall file a signed original with the BAP.

## 8013(d)-1
## EMERGENCY MOTIONS

(a) **Contents.** The motion and supporting declaration(s) must set forth the facts showing the existence and nature of the alleged immediate and irreparable harm.

(b) **Appendix**. The emergency motion must be accompanied by an appendix containing:
       (1)    A conformed copy of the notice of appeal, and
       (2)    A copy of the entered judgment, order or decree from which the

appeal was taken;
(3) If the emergency motion concerns a stay pending appeal, the appendix must also contain:
(I) a conformed copy of the court's order denying or granting the stay and any explanation by the court of its ruling, or a declaration explaining why such a copy is unavailable; and
(ii) copies of all papers regarding the stay filed in bankruptcy court.

### *Explanatory Note:*

*When the emergency motion concerns a stay pending appeal, the parties are directed to* Nken v. Holder*, 556 U.S. 418,434 (2009), for standards in granting a stay pending appeal.*

## 8013(e)-1
## DELEGATION OF AUTHORITY TO ACT ON MOTIONS

The BAP judges may delegate to the BAP Clerk authority to act on motions that are subject to disposition by a single judge pursuant to FRBP 8013(e), upon the condition that the order entered on the motion does not dispose of the appeal or resolve a motion for stay pending appeal. The order disposing of the motion is subject to reconsideration by a judge if a written request for judicial review is received within fourteen (14) days of the entry of the order.

## 8015(a)-1
## BRIEF CERTIFICATION REQUIREMENTS

**(a) Certification as to Interested Parties.** To enable the judges of a Panel to evaluate possible disqualification or recusal, all parties, other than governmental parties, shall attach to their initial brief, a list of all persons, associations of persons, firms, partnerships and corporations that have an interest in the outcome of the case. The certification should be in substantially the following form:

## Certification Required by BAP Rule 8015(a)-1(a)

[BAP NUMBER, DEBTOR'S NAME ]

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal [list the names of all such parties and identify their connection and interest]:

| | |
|---|---|
| Signed | Dated |

**(b) Certification of Related Cases.** The appellant shall attach to the opening brief a statement of all known related cases and appeals before the United States Court of Appeals, the United States District Court, or the BAP. A related case is defined as one which involves substantially the same litigants, substantially the same factual pattern or legal issues, or arises from a case previously heard by the Panel. The certification should be in substantially the following form:

## Certification Required by BAP Rule 8015(a)-1(b)

[BAP NUMBER, DEBTOR'S NAME]

The undersigned certifies that the following are known related cases and appeals [list the case name, court and status of all related cases and appeals]:

| | |
|---|---|
| Signed | Dated |

### *Explanatory Note:*

*Failure to comply with the Briefing Rules may result in striking the brief and dismissing the appeal, N/S Corp., v. Liberty Mutual Ins. Co., 127 F.3d 1145 (9th Cir. 1997), or imposing sanctions, In re MacIntyre, 181 B.R. 420, 422 (9th Cir. BAP 1995), aff'd, 77 F.3d 489 (9th Cir. 1996).*

*Briefs and excerpts of the record shall be securely fastened by any appropriate means.*

## 8018(a)-1
## BRIEFS - EXTENSIONS OF TIME

**(a) Requirements.** A motion for extension of time to file a brief shall be filed within the time limit for the filing of such brief and shall be accompanied by a proof of service. The motion shall be supported by a declaration stating:

(1) When the brief was initially due;
(2) How many extensions of time, if any, have been granted;
(3) Reasons why this extension is necessary;
(4) The specific amount of time requested; and
(5) The position of the opponent(s) with respect to the motion or why the moving party has been unable to obtain a statement of such position(s).

**(b) BAP Clerk Authority.** The BAP Clerk is authorized to grant extensions of time under the direction and guidelines of the Panel.

**(c) Consequences.** A brief received after the due date will not be accepted for filing unless it is accompanied by a motion for an extension of time and the motion is granted. The Panel has no obligation to consider a late brief. Sanctions may be imposed, such as the waiver of oral argument, monetary sanctions or dismissal.

## 8018(a)-2
## DISMISSAL FOR FAILURE TO PROSECUTE

When an appellant fails to file an opening brief timely, or otherwise fails to comply with rules or orders regarding processing the appeal, the BAP Clerk, after notice, may enter an order dismissing the appeal. The order dismissing the appeal is subject to reconsideration by the Panel if a written request for judicial review is received within fourteen (14) days of the entry of the order.

## 8018(b)-1
## APPENDIX (EXCERPTS OF THE RECORD)

**(a) Form.** Attorneys and all other electronic filers shall file the appendix electronically. Any party not otherwise required to file electronically shall file the excerpts of record in paper format.

**(b) Organization of Appendix.**

   (1)   Documents in a paper appendix shall be divided by tabs. Documents in an electronic appendix shall be divided into separate .pdfs.
   (2)   The appendix shall contain a complete table of contents.
   (i)   For paper appendices, the table of contents shall list the documents and identify both the tab and page number where each document is located. If the appendix has more than one volume, the table of contents shall also identify the volume in which each document is located.
   (ii)   For electronic appendices, each .pdf shall be labeled so that it is identifiable from the table of contents.

### *Explanatory Note:*

*The Panel generally limits its review to an examination of the excerpts of the record as provided by the parties. The Panel is not obligated to examine portions of the record not included in the excerpts. See In re Kritt, 190 B.R. 382, 386-87 (9th Cir. BAP 1995); In re Anderson, 69 B.R. 105, 109 (9th Cir. BAP 1986).*

*The parties are further referred to FRBP 8014(a)(6) and (8) and (b) (formerly 8010(a)(1)(D) and (a)(2)) which address the related problem created by appellants who do not make explicit references to the parts of the record that support their factual allegations and arguments. Opposing parties and the court are not obliged to search the entire record unaided for error. See Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241 (9th Cir. 1998); Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir. 1991); FRAP Rule 10(b)(2).*

## 8019-1
## ORAL ARGUMENT

The BAP Clerk will provide notice of the time and place of argument. Once the hearing date is scheduled, a motion for continuance will be granted only under exceptional circumstances.

The Panel may determine that oral argument is not needed either *sua sponte* or on motion for submission of the appeal on the briefs. If the Panel determines that oral argument is not needed, it will issue an order to that effect.

# Rule 8019-2
# EN BANC HEARING AND DETERMINATION OF APPEALS

(a) **EN BANC HEARING AND DISPOSITION AUTHORIZED; NOT FAVORED.** The Panel may hear and dispose of an appeal by sitting en banc as authorized in this rule. An en banc hearing or decision of an appeal is not favored and ordinarily will not be ordered unless it appears that it is necessary to secure or maintain uniformity of the Panel's decisions including, without limitation, when there is a challenge to an existing precedent of the Panel.

(b) **PROCEDURE FOR A PARTY TO REQUEST AN EN BANC HEARING.**

(1) **Motion**. A party may request that the Panel hear and decide an appeal en banc. The request must be made by motion filed with the Clerk and served upon the other parties to the appeal (including any party appearing amicus curiae). Such motion should be filed and served not later than the date set for the filing of that party's opening brief. If made, the motion must be accompanied by a brief setting forth the reasons why an en banc hearing and decision of an appeal is appropriate under the standard set forth in subsection (a).

(2) **Response**. Any other party to the appeal (including any party appearing amicus curiae) may file and serve a response to the motion and brief not later than fourteen (14) days after the motion is filed. No reply brief is authorized.

(3) **Page Limit**. The motion or response, together with the brief in support thereof, must not exceed a combined total of 15 pages.

(c) **PROCEDURE FOR THE PANEL INITIALLY ASSIGNED TO APPEAL TO REQUEST AN EN BANC HEARING**.

Two or more of the judges assigned to hear and decide the merits of an appeal, including any pro tem judge, may request that the Panel should hear and decide an appeal en banc. The request should be made prior to the disposition of the appeal.

(d) **PROCEDURE FOR DETERMINING WHETHER APPEAL SHOULD BE HEARD EN BANC**

(1) **Vote of the Panel**. If a timely request for an en banc hearing and decision is made under either subsection (b) or (c), the Clerk will promptly poll the regular members of the Panel eligible to participate in the disposition of that appeal.

(2) **Affirmative Vote; Minimum Number of Judges Who Must Participate**. The appeal will be heard (or, as appropriate, reheard) and decided en banc if:

(a) at least five regular members of the Panel are eligible to participate, and do participate, in the vote; or, if less than five members of the Panel are eligible to participate in the en banc call, the Chief Judge of the Ninth Circuit, after consultation with the Presiding Judge, shall designate such pro tem judges as may be necessary to bring the number of the judges considering the en banc call to five, and all five judges vote; and

(b) a majority of the judges polled vote in favor of the request.

(3) **Negative Vote**. If a timely request for an en banc hearing and decision is made under subsection (b) or (c), and no affirmative vote as required by paragraph (2) is obtained within fourteen (14) days of the initial polling, the matter will not be heard en banc.

(e) **PROCEDURE AFTER REQUEST AND VOTE**.

(1) **Constituting the En Banc Panel**. If the Panel votes to hear and decide a matter en banc, the en banc panel shall consist of all members of the Panel eligible to participate in the appeal's disposition, but in no event may an en banc panel consist of fewer than five judges. If fewer than five members of the Panel are eligible to participate in the en banc hearing, the Chief Judge of the Ninth Circuit, after consultation with the Presiding Judge, shall designate such pro tem judges as may be necessary to bring the membership of the en banc panel to five.

(2) **Order Regarding Vote; Procedure Thereafter**. The Presiding Judge of the Panel shall promptly cause an order to be entered that is consistent with the results of any vote taken in accordance with subsection (d), and with the actions required by subsection (e). Thereafter, the Clerk, in consultation with the Presiding Judge, will take such actions as are necessary or appropriate to carry out such order.

### Rule 8024-1
### DISPOSITION OF APPEAL

(a) **DISPOSITION**. The Panel will dispose of all appeals by entry of an Opinion, Memorandum or Order.

(b) **DESIGNATION.**

(1) *Opinion*. A disposition of an appeal may be designated as an Opinion if it:

(A) Establishes, alters, modifies or clarifies a rule of law;

(B) Calls attention to a rule of law which appears to have been generally overlooked;

(C) Criticizes existing law; or

(D) Involves a legal or factual issue of unique interest or substantial public importance.

(2) *Memorandum or Order*. A disposition of an appeal not designated as an Opinion will be designated as either a Memorandum or an Order.

(3) *Manner of Designation.* A disposition shall be designated an Opinion if:

(A) two of the three judges assigned to hear and dispose of the appeal, including the author of the disposition, agree that the disposition shall be designated an Opinion at the time such disposition is filed with the Clerk, or within 28 days thereof; or

(B) an interested party, or any member of the Panel, requests, in writing, that a Memorandum or Order be redesignated as an Opinion, and that it be published. The request must be received no later than 28 days after the filing of the Memorandum or Order and must state concisely the reasons for publication. The judges assigned to hear and dispose of the appeal shall vote on whether to change the initial designation and, if two of the three judges assigned to hear and dispose of the appeal, including the author of the disposition, agree that the disposition shall be designated an Opinion.

(c) **CITATION AND EFFECT.**

(1) *Opinions*. Opinions shall be published. They shall bind the Panel as precedent unless they are modified or reversed in an Opinion issued by the Panel sitting en banc, or unless they no longer are precedent due to changes in the law, whether by act of Congress or by decision of the Ninth Circuit Court of Appeals or the Supreme Court.

(2) *Memoranda and Orders*. Except as provided in subsection (d), Memoranda and Orders will not be published, and shall have no precedential value.

(d) **PUBLICATION.**

(1) *Opinions*. If the disposition is to be published, the BAP Clerk will release a copy to recognized channels for dissemination to the public.

(2) *Orders.* An Order may be designated for publication if so designated by

the process provided in subsection (b)(3), with the following changes: (I) only two judges, one of whom is the author of the Order, need to agree as to publication; and (ii) the Order shall be treated as if it were a disposition of the appeal for all other purposes of applying that subsection.  When so published, the Order may be used for any purpose for which an Opinion may be used.  Upon designation as published, the BAP Clerk will release a copy to recognized channels for dissemination to the public.

### 8026-1
### SILENCE OF LOCAL RULES

In cases where Part VIII of the Federal Rules of Bankruptcy Procedure and these rules are silent as to a particular matter of practice, a Panel may apply the Rules of the United States Court of Appeals for the Ninth Circuit and the Federal Rules of Appellate Procedure.

### 8026-2
### CITATION TO RULES

These rules shall be cited as:  "9th Cir. BAP R. _____."

### Rule 9001-1
### DEFINITIONS

**(a)** The words "BAP Clerk" as used in these rules mean the Clerk of the United States Bankruptcy Appellate Panel of the Ninth Circuit.
**(b)** The word "Judge" as used in these rules, unless otherwise designated, means a member of the United States Bankruptcy Appellate Panel of the Ninth Circuit.
**(c)** The word "Panel" as used in these rules means a panel of the judges of the United States Bankruptcy Appellate Panel of the Ninth Circuit.
**(d)** The acronym "BAP" as used in these rules means United States Bankruptcy Appellate Panel of the Ninth Circuit.
**(e)** The acronym "FRBP" as used in these rules means Federal Rules of Bankruptcy Procedure.
**(f)** The acronym "FRAP" as used in these rules means Federal Rules of Appellate Procedure.

## 9010-1
## ATTORNEYS--Duties, Withdrawal, Substitution

**(a) DUTIES**. Counsel must ensure that the appeal is perfected on behalf of the represented party in a manner and within the times prescribed in all applicable rules and must prosecute the appeal with diligence. Counsel must provide counsel's name, bar number, address, and telephone number on all documents filed with the BAP. Changes in address of counsel or client must be reported to the BAP Clerk in writing.

**(b) ADMISSION**. Any attorney admitted to practice before a District Court of the Ninth Circuit or the Court of Appeals for the Ninth Circuit and who is in good standing before such court shall be deemed admitted to practice before the BAP. An attorney not so admitted may apply to the BAP for permission to appear in a particular appeal.

**(c) WITHDRAWAL AND SUBSTITUTION**. No attorney who has appeared in an appeal before the BAP may withdraw without either:

> (1) Filing and serving a Notice of Substitution of Attorney. The notice shall contain substitute counsel's name, bar number, address, telephone number and signature; or

> (2) Obtaining an order of the BAP allowing the attorney to withdraw. The BAP may grant such an order if an attorney files and serves on opposing counsel and the attorney's client a motion to withdraw as counsel. Any motion to withdraw shall include the client's current address and telephone number.

**(d) NOTICE OF APPEARANCE**. Immediately upon undertaking the representation, any attorney who represents a party in an appeal, and who is not identified in either the notice of appeal or a notice of substitution of attorney, shall file and serve a notice of appearance containing counsel's name, bar number, address, telephone number and electronic mail address.

## 9010-2
## PRO SE PARTIES

Parties unrepresented by counsel and appearing before the Panel are considered to be "pro se parties" representing themselves. Only individuals are permitted to appear pro se. Pro se parties must ensure their appeal is perfected in a manner and within the time limits prescribed in all applicable rules and must prosecute the appeal with diligence. Changes in address must be reported to the BAP Clerk in writing.

***Explanatory Note:***

See <u>In re Rainbow Magazine, Inc.</u>, 77 F.3d 278 (9th Cir. 1996); <u>In re Eisen</u>, 14 F.3d 469, 471 (9th Cir. 1994). Corporations, partnerships and associations are not permitted to appear in federal court except through a licensed attorney. <u>Rowland v. California Men's Colony</u>, 506 U.S. 194 (1993); <u>In re America West Airlines, Inc.</u>, 40 F.3d 1058 (9th Cir. 1994).